ESTATE OF PRICE: SAVINGS LOAN & TRUST COMPANY, Executor, Appellant, vs. THE STATE and another, Respondents.

*March 11—April 5, 1927.*

*Taxation: Inheritance tax on bequest to trust company bank for charitable purposes: Exemptions.*

1. Property bequeathed to a trust company in trust in perpetuity, subject to the direction that the income should be used for the benefit of needy children, the trustee to be sole judge of the children to be benefited, is not exempt from an inheritance tax under secs. 72.01 and 72.04, Stats., exempting from such tax property transferred to corporations organized solely for charitable purposes.   pp. 582-584.

2. The reference in the bequest to two charitable corporations from which the trustee might secure recommendations or suggestions relative to the children who might be benefited does not affect the case, as neither of such associations receives any interest in the bequest or is given any power or direction over the fund or the income therefrom.   p. 583.

3. The fact that an individual child ordinarily receiving aid under the fund bequeathed would not receive more than $100 did not make the property exempt from an inheritance tax under sub. (4), sec. 72.02, and sub. (5), sec. 72.04, Stats., where the corpus of the estate went to the trust company intact in perpetuity, and sums paid to needy children were paid only from the income of the estate.   p. 584.

4. The classification of exemptions under secs. 72.01 and 72.04, Stats., when construed to exclude property bequeathed to a trust company in perpetuity, is not discriminatory and unconstitutional, since the statute provides a method whereby all bequests for charitable, religious, or educational purposes may be devoted to those purposes free from any tax.   p. 585.

APPEAL from an order of the county court of Dane county: A. G. ZIMMERMAN, Judge. *Affirmed.*

This is an appeal from an order directing the executor of the will of Alice Hayden Price, deceased, the *Savings Loan & Trust Company,* to pay an inheritance tax.

Alice Hayden Price died April 24, 1926, testate. By her will, among other things, she provided as follows:

"All of the rest, residue, and remainder of my estate I give, bequeath, and devise to the *Savings Loan & Trust Company* of Madison, Wisconsin, *in trust nevertheless,* for the following purposes:

"I hereby authorize said trustee to convert all of my real estate into personal property as soon after my death as may be convenient, and for that purpose I hereby give and grant to said trustee full power and authority to sell and convey all of my said real estate and convert the same into cash or equivalent securities, said rest and residue of my estate to become a trust fund, the principal of which shall be invested by my said trustee in safe interest-bearing securities, and said trustee shall have the right to sell, exchange, and dispose of said securities and to invest and reinvest the proceeds thereof as to it shall seem for the best interests of the trust fund hereby created.

"I hereby direct that the net income of said trust fund shall be used by my said trustee in furnishing financial aid and assistance, either by way of maintenance, medical services, or education, to such needy children of the city of Madison as in the judgment of said trustee are worthy of said aid, said trustee to be the sole judge of the children to be benefited by the income from said fund, but said trustee may, if it so sees fit, secure recommendations or suggestions from the St. Elizabeth's Aid Society of Madison, Wisconsin, or the Public Welfare Association of said city, relative to the children who might be benefited and helped by the income from said trust fund, placing, however, full faith and confidence in my said trustee that it will use its best efforts and endeavors to administer said trust in the spirit and manner that I would were I personally administering said trust.

"The foregoing trust shall be known as 'The Alice Hayden Price Trust Fund for the Benefit of the Needy Children of Madison, Wisconsin,' and shall be administered under said name of my said trustee, and I hereby authorize said trustee to deduct the necessary and proper expenses of the administration of said trust from the gross income thereof.

"In creating and establishing the foregoing trust fund, I have in mind all my relatives who might ordinarily be objects of my bounty, but I have lived in the city of Madison, Wisconsin, nearly all my life and have always taken a deep interest in the welfare of little children whose parents, through misfortune or ill luck, have not been able to give them advantages to which every little child is entitled if conditions and circumstances surrounding their parents and home life would permit. I have tried to be helpful to such children in my lifetime so far as circumstances would permit, and I can think of no better or more worthy use to which my estate could be put than to help the children who are at a disadvantage in life owing to circumstances over which they have no control and for which they are in no wise to blame."

By the terms of the will the *Savings Loan & Trust Company* came into possession of $27,195.95 in perpetuity, the income from said fund to be used for the purposes designated in the will.

The county court held that such bequest was subject to an inheritance tax amounting to $2,343.35, and ordered the trustee to pay the same to the county treasurer of Dane county. From such order the trustee appeals.

For the appellant there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Roman A. Heilman.*

For the respondent *State of Wisconsin* there was a brief by the *Attorney General, Franklin E. Bump,* assistant attorney general, and *John Harrington,* inheritance tax counsel, and oral argument by *Mr. Bump* and *Mr. Harrington.*

CROWNHART, J. The inheritance tax law, ch. 72, Stats., provides:

"72.01 A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation, except county, town or municipal corporations within the state, for strictly county, town or municipal purposes, and corporations of this state

organized under its laws or voluntary associations organized solely for religious, charitable or educational purposes, which shall use the property so transferred exclusively for the purposes of their organization, within the state, in the following cases, except as hereinafter provided:

"(1) When the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state.

"(2) to (7) . . .

"(8) The tax so imposed shall be upon the clear market value of such property at the rates hereinafter prescribed and only upon the excess of the exemptions hereinafter granted."

Sec. 72.04, Stats., provides:

"The following exemptions from the tax, to be taken out of the first twenty-five thousand dollars, are hereby allowed:

"(1) All property transferred to municipal corporations within the state for strictly county, town, or municipal purposes, or to corporations of this state organized under its laws, solely for religious, charitable or educational purposes, which shall use the property so transferred, exclusively for the purposes of their organization, within the state, shall be exempt."

It is contended by the appellant that the bequest to it, considered in connection with the reference in the will to the Madison Public Welfare Association and the St. Elizabeth's Aid Society, constitutes the appellant a corporation organized under the laws of the state solely for religious, charitable, or educational purposes, within the meaning of the statute, and that under sec. 72.04, Stats., the property transferred to it, to be used exclusively for charitable purposes, is exempt from the inheritance tax.

The answer to this argument is quite simple. First, the appellant is a trust company organized under the general laws of the state, and operates for profit. It is not a charitable, religious, or educational institution. Second, the will bequeaths the property to the appellant company in perpetuity, subject only to the direction that the income therefrom

shall be used for the benefit of needy children in the city of Madison, the trustee to be the sole judge of the children to be benefited. Third, neither the St. Elizabeth's Aid Society nor the Public Welfare Association of said city receives any interest in said bequest whatever, or is given any power or direction over said fund or the income therefrom in any manner.

It is further contended by the appellant that because the county court has found that ordinarily an individual child receiving aid under this fund would not receive more than $100, the whole amount of said fund should be exempt from the tax.

Sub. (5), sec. 72.04, Stats., provides:

"Property of the clear value of one hundred dollars transferred to each of the persons described in subsection (4) of section 72.02 shall be exempt."

Sub. (4), sec. 72.02, Stats., provides:

"Where the person or persons entitled to any beneficial interest in such property shall be in any other degree of collateral consanguinity than is hereinbefore stated, or shall be a stranger in blood to the decedent, or shall be a body politic or corporate, at the rate of eight per centum of the clear value of such interest in such property."

The argument advanced ignores the fact that the corpus of the estate goes to the trust company intact, in perpetuity. The sums paid to needy children are paid only from the income from the estate. No such children are made legatees under the will. The statute cannot be construed to exempt the property from inheritance taxes under such statutes.

We are urged to consider the general charitable purpose of the testator in making this will, and it is said that the general policy of the state is to exempt property going to a charitable purpose from the inheritance tax laws. The court is not inclined to belittle the beneficent purpose of the testator, or the fact that the legislature might well provide for

exemptions under such circumstances. But the court can only take the statutes as it finds them. The statute is clear and unambiguous, and we cannot resort to any implied exemption.

Appellant further claims that the classification of exemptions under the statute, if construed to exclude the property bequeathed to the appellant for a charitable purpose, is discriminatory and unconstitutional. The statute provides a method by which all bequests for charitable, religious, or educational purposes may be devoted to those purposes free from any tax. There is no discrimination.

*By the Court.*—The order of the county court is affirmed.