WILL OF CHAFIN: STATE, Appellant, vs. ROHLEDER and another, Executors, Respondents.

*February 6—March 7, 1933.*

For the appellant there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Seibold* and *Mr. Conway.*

*Charles E. Wilson* of Elkhorn, for the respondents.

FAIRCHILD, J.  The testator was moved by two purposes in framing his will: his desire to have his fortune devoted to the establishment of a home for needy boys and his wish to make certain provision for relatives and other persons who stood in his estimation as entitled to share in his bounty. One is as evident as but not more so than the other. The establishment of the Home "is clearly a charitable enterprise," but the testator made the provisions in relation thereto subject to private bequests.

The trustees to whom the testator intrusted the plans outlined in his will are charged with the compliance with certain conditions; and the devise is made upon the express understanding that there be received into the Home as guests or inmates the persons described in the provisions quoted from the will in the statement of facts. Those individuals are entitled under the will to a residence there, and it is provided that in the event of the violation of any of those conditions the gift in trust shall cease, become null and void, and the real estate and whatever remains in the hands of the trustees of the Endowment Fund shall then revert to and become the property of the testator's heirs.

The issue presented is as to whether the trust created by the will is solely for charitable purposes so as to be exempt from tax. To determine whether or not by this will there was created by the appointment of the trustees a voluntary association for the administration of the trust is unnecessary in this case for the reason that the duties imposed on the trustees and the rights conferred upon beneficiaries are such that if a voluntary association were thus created it could not be said to be organized solely for charitable purposes. When we direct our attention to the nature of the devises and bequests and the purposes for which the property was intrusted to the trustees, we are impressed with the positive intermingling of charitable and non-charitable or private purposes. It cannot, therefore, be solely for charitable purposes.

In relation to the taxing issue, an inheritance tax is imposed upon any transfer of property except such transfer as may be made to certain organizations within the state for the purposes prescribed in sec. 72.01, Stats. Such excepted transfers must be used exclusively for specifically limited purposes by organizations devoted solely to religious, charitable, or educational undertakings. Taxation is the rule laid down, and exemption is the exception. Exemption does not exist unless the transfer comes strictly within the limits of the exception. The establishment and maintenance of the "Chafin Farm Home" for needy boys is a charitable purpose, but the superimposed provisions and charges for the benefit of relatives and connections of testator's family are for private purposes. Although the benevolent purpose of the testator to create a charitable institution, as planned by him and disclosed in his will, may eventually mature into an accomplished fact, in the meantime the estate stands burdened with certain private and non-charitable charges. *Webster v. Morris,* 66 Wis. 366, 28 N. W. 353, is referred to as holding that an alternative bequest to needy relatives makes the bequest charitable in its nature. The *Webster Case* cannot control in the face of a tax statute passed long after that case was decided. The proceeding before us is an inheritance tax matter. Under the law all bequests to relatives must be treated as non-charitable and are subject to the regulation provided in the statute, whether the relatives favored be poor or rich. The bequest to Shultis makes provision for a specific beneficiary as distinguished from a bequest for the benefit of a class. The bequest gives to him the absolute right to be admitted to the Home and to be maintained there out of the trust fund. The provision for Miss Senger is likewise non-charitable. It is not based upon her being needy. An absolute right is given to her to be admitted to the Home, to have all the comforts she may need. While she is not in the Home the trustees are directed to furnish money to her "for her

keep, comfort, or care." The county court in the proceedings for construction of that provision of the will affecting her, held that it was not based upon her being needy, but that it entitled her to be paid such sums periodically as would enable her to occupy the homestead without pursuing or engaging in her occupation as trained nurse; and, as detailed in the statement of facts, issued an order that she be paid $100 per month. A slight calculation will show that that allowance to her consumes at least one-fourth of the total income from the trust. The mere statement of the facts carries the conviction that this is foreign to anything in the nature of a charity, and it cannot be held to be in aid of carrying out the charitable project. The fact that Miss Senger was named as a trustee in a codicil to the will does not alter the nature of the private bequest made to her. These private bequests are included in and are a part of the will. They cannot be excluded or overlooked or read out of the will in the inheritance tax proceedings. It is plain that to do so would be changing the will as drawn by the testator, and certainly would be contrary to the intent and purpose of the testamentary plan as expressed by him in that will. We agree with the contention of the attorney general that the fair construction of the will leads to the conclusion that the testator's intent was that all of the provisions and purposes expressed in the will should alike be carried out; that the provision for the termination of the trust estate should any of the conditions with relation to the private bequests be violated certainly indicates that it was his purpose to have the non-charitable provisions considered. The issue here is not as to the validity of the bequest but only as to its exemptibility from inheritance tax. The conclusion is that it is not exempt.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.