WILL OF KOCH: KOCH and others, Appellants, vs. TAX COMMISSION and others, Respondents.

*April 30—June 2, 1936.*

For the appellants there was a brief by *Nohl, Nohl, Petrie & Blume* of Milwaukee, and oral argument by *Henry M. Blume*.

For the respondents there was a brief by the *Attorney General, Herbert H. Naujoks,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *A. B. Houghton,* public administrator of Milwaukee county, and oral argument by *Mr. Naujoks* and *Mr. Conway*.

WICKHEM, J.   Testator died August 5, 1931, leaving a will executed June 5, 1931.   After provision for payment of the expenses of his last illness and funeral, and all his just debts, and following six other bequests of books and trinkets, the testator gave, devised, and bequeathed all the rest of his property amounting to $234,903.34 to his trustees.   The trustees are directed out of the residuary estate to pay testator's wife $6,000 annually.   Contingent upon a sufficiency of the estate to meet the annuity to his wife, the trustees are directed to pay $25 per month to one Olga Rockener; $500 a year to one George D. Knab; $750 a year to his sister, Ella Koch Blatz; $50 per month to his niece, Dorothy Koch.   All of these payments are directed to be made during the lifetime of the beneficiaries.   On a certain contingency, a further sum of $25 is to be paid to Olga Rockener during her lifetime.   The balance of any income from the trust estate not specifically disposed of is directed to be paid to testator's sister, Ella Koch Blatz.   The trustees are directed to plan the uses of the income and principal of

the entire residuary fund for charitable and educational purposes within the state of Wisconsin, and such residuary estate is designated as the "Frederick Kraus Foundation." The trustees are directed to use the income of this foundation as in their discretion seems best for one or more of the following purposes, unless they can devise a better plan for the accomplishment of testator's general intention: (1) To encourage testamentary gifts and contributions to trust funds to be used for Masonic charities within the state of Wisconsin; (2) to provide for the support and education of any orphan of a master Mason resident in the state of Wisconsin, in a sum equal to that which shall be contributed by the Masonic body or bodies with which the father of such orphan may have been affiliated during his lifetime; (3) to provide a revolving fund for the support and education of boys resident in the state of Wisconsin eligible to enter upon a collegiate education; (5) to endow a room or bed in any Protestant or nonsectarian hospital in the state of Wisconsin not conducted for private gain.

It is contended by appellants that the trustees of the Frederick Kraus Foundation constitute a voluntary association within the meaning of sec. 72.01, Stats. 1931. This section reads, in part, as follows:

"A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation, except county, town or municipal corporations within the state, for strictly county, town or municipal purposes, and corporations of this state organized under its laws or voluntary associations organized solely for religious, charitable or educational purposes, which shall use the property so transferred exclusively for the purposes of their organization, within the state, in the following cases, except as hereinafter provided."

It is urged that this statute was taken from the New York law and that the New York Transfer Act was construed by

the New York court in the case of *In re Estate of Graves,* 171 N. Y. 40, 63 N. E. 787, prior to the enactment of the Wisconsin inheritance tax law in 1903. In this case it was held that a devise of property to trustees for a charitable purpose was a devise to an association within the meaning of the New York Transfer Act. It is urged that the construction placed upon the word "association" in the *Graves Case* has been generally followed in this country. See *In re Estate of Curtis,* 88 Vt. 445, 92 Atl. 965; *Estate of Irwin,* 196 Cal. 366, 237 Pac. 1074. It was also held in the *Graves Case,* and the ruling followed in the *Curtis Case,* that the association to which the devise is made need not be in existence at the time of the death of the testator. See also, in this connection, *In re Le Fevre's Estate,* 233 N. Y. 138, 135 N. E. 203; *In re Hunter's Estate,* 147 Wash. 216, 265 Pac. 466; *Tax Comm. v. Livingood,* 40 Ohio App. 543, 178 N. E. 707.

Assuming without deciding, (1) that this court should consider itself bound by the construction placed upon the New York act by the New York court, and (2) that this construction is sound and represents the weight of judicial opinion in construing similar statutes, we are faced with another problem not reached by the *Graves* or *Curtis Cases* and very definitely present in this case It is not enough for appellants to establish that trustees to whom is devised property for charitable purposes constitute an association within the meaning of the statute, although they had no existence as an association at the death of the testator. Under the terms of our statute, it is also necessary that, considered as an association, the trustees be organized solely for religious, charitable, or educational purposes. It is plain to us that the trial court correctly decided that this was not the case under testator's will. Leaving aside a few trinkets and keepsakes, the entire estate of testator was bequeathed to the trustees. At this point the organization of the trustees took place. At this point the purposes of their organization must have been ex-

clusively charitable, if the transfer is to come within the exemption statute. It is plain that they were not. The trustees were to administer the bequest not solely for the charitable purposes with which the will concluded but also for the benefit of testator's widow, sister, and other beneficiaries so long as they lived. These purposes can by no possibility be treated as charitable, nor can it successfully be claimed that the trustees were twice organized for separate and distinct purposes. They were organized once and for a dual purpose, one of these purposes being other than charitable. Under these circumstances, there is nothing for us to do but to follow the statute. While charitable bequests should be encouraged, the regulation of them and their encouragement by tax exemption is a matter for the legislature to determine. In *Estate of Price*, 192 Wis. 580, 213 N. W. 477, our court said:

"We are urged to consider the general charitable purpose of the testator in making this will, and it is said that the general policy of the state is to exempt property going to a charitable purpose from the inheritance tax laws. The court is not inclined to belittle the beneficent purpose of the testator, or the fact that the legislature might well provide for exemptions under such circumstances. But the court can only take the statutes as it finds them. The statute is clear and unambiguous, and we cannot resort to any implied exemption."

In the *Price Case* the bequest was charitable in character, but the transfer was to a trust company. At that time, the statutes did not exempt transfers to trust companies, and the court denied the exemption for the reason that a trust company was not a corporation organized solely for charitable purposes. Following this decision, the legislature by ch. 416, Laws of 1927, added the provision exempting transfers—

"to banks or trust companies of this state, as trustees, in trust exclusively for . . . charitable . . . purposes. . . ."

It did not, however, otherwise modify its requirements that transfers to corporations and associations must be not merely charitable in purpose but to corporations and associations organized solely for charitable purposes.

In *Will of Prange*, 208 Wis. 404, 243 N. W. 488, the transfer was to a bank as executor, in trust, but not as trustee to administer the property. The court held that it was a transfer to the bank exclusively for a charitable purpose and exempt, although the bank was not to administer the trust, but simply to turn the property over to a corporation answering the calls of the exemption statute and later to be formed. This court said:

". . . The very prompt enactment of that chapter by the legislature rather strongly indicates that the legislature intended that the charitable purpose of a bequest, rather than the channel through which it passes, should determine whether a bequest is exempt from an inheritance tax. . . ."

While this language standing alone may seem to carry implications favorable to appellants, it must be limited to the subject matter of the inquiry then before the court. The question was whether, in view of the amendment to the statute, a devise to a bank, which was not to administer but was to turn over the property to a corporation organized for charitable purposes, constituted a devise to the bank for charitable purposes. Following the language above quoted, this court said:

". . . The legislature was apparently without concern as to whether property is transferred to a bank or trust company of this state as trustee so long as the purpose of such transfer is one of those enumerated."

More definitely in point is *Will of Chafin*, 210 Wis. 675, 247 N. W. 325, in which a portion of the estate was transferred by will in trust for the "Chafin Farm Home" for the establishment of a home for needy boys. The will also con-

tained bequests to relatives, and the bequest creating the trust required the trustees to admit to the home a named adult and to furnish money for her keep, comfort, or care while she was not at the home. The bequest was held to be taxable for the reason that under sec. 72.01, Stats., the transfer—

"must be used exclusively for specifically limited purposes by organizations devoted solely to religious, charitable, or educational undertakings."

By reason of the foregoing premises, we consider that both as an original question and in the light of the *Chafin Case,* it must be held that this bequest in trust to appellants to administer partly for charitable and partly for other purposes cannot be construed as a bequest to an association organized solely for charitable purposes. It follows that the transfer does not fall within the statutory exemption.

*By the Court.*—Order affirmed.

NELSON, J., dissents.