ESTATE OF THRONSON: STATE, Appellant, vs. FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Executor, and another, Respondents.

*March 8—May 18, 1943.*

For the appellant there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondent there was a brief by *Lecher, Michael, Whyte & Spohn,* attorneys, and *Thomas S. Stone* of counsel, all of Milwaukee, and oral argument by *Mr. George D. Spohn* and *Mr. Stone.*

FOWLER, J. The will of Bartholomew C. Thronson transferred all his property to the First National Bank of Racine, hereinafter referred to as "the bank" in trust for "the uses and purposes specified." The "uses and purposes" were for his wife during her life and after her death to his two children and the survivor of them, and on the death of the survivor "to pay over, assign, transfer and convey the residue" to "The Masonic Home at Dousman, Wisconsin." The bank was also named as executor of the will and its final account as executor has been settled. On such settlement the state claimed an inheritance tax on the residue. On hearing, the court held the gift to the Masonic Home exempt from taxation on the ground that it was a gift to a public charity. The sole point at issue is whether the gift is so exempt.

It is conceded, and it was declared in *Van Brunt v. Ferguson,* 163 Wis. 540, 158 N. W. 295, and is plain from the undisputed evidence herein, that the Masonic Home at Dousman, hereinafter referred to as "the Home," is maintained for a "charitable purpose in this state." The Masonic Home, while a charitable institution, is not a legal entity. It cannot there-

fore take title to property, at any rate to the real estate of which the residue largely consists. However, the gift cannot-be permitted to fail because of this. Sec. 231.11 (7) (c) and (d), Stats. Par. (c) provides that no gift for a charitable purpose shall be invalid because the specific method for carrying it out, here conveying it to the Masonic Home, is for any reason impossible. Par. (d) provides that where the fulfilment of such a gift becomes impossible it is the duty of the court, here the court administering the estate, to ascertain the general purpose of the donor and carry it into effect in the nearest practical manner.

The nearest practical manner for the court to carry out the testator's manifest intention that the residue be applied to the benefit of the Home perhaps would be for it to direct conveyance of it by the bank to the legal entity having the title to the Home in trust for the benefit of the Home. That intent might also be carried out by the bank itself administering the residue and directly devoting it to the benefit of the Home. This the bank could do, being empowered as it is by the terms of the will "in its discretion to do any and all things necessary for the complete administration of my [the] estate, including the power to sell at public or private sale and without order of court any real or personal property belonging to my estate." The bank is therefore empowered by the provision of the will next above quoted to convey the residue to that legal entity upon trust as first above indicated without order of the county court and thus without the order of the court to effectuate the testator's intent by such conveyance.

Under the undisputed evidence the legal entity that owns and operates the Home is the Grand Lodge of Free and Accepted Masons of the state of Wisconsin, hereinafter referred to as "the Grand Lodge." The portion of the final order of the court providing for disposition of the residue on termination of the life estates is not before us. If we assume that there is a direction by the court and the direction is to the bank

to convey to the Grand Lodge as above stated, whether the residue is taxable depends on whether the will be construed as a transfer to the Grand Lodge in trust for the benefit of the Home instead of to the bank in trust for the Home's benefit.

The governing statutes, so far as here material, may be stated as follows:

"72.01 *Subjects liable.* A tax . . . is hereby imposed upon any transfer of property, . . . to any person, association or corporation, except . . . corporations of this state organized under its laws or voluntary associations organized solely for . . . charitable . . . purposes, which shall use the property so transferred exclusively for the purposes of their organization, within the state, in the following cases, except as herein provided:"

"72.04 *Exemptions.* The following exemptions from the tax, to be taken out of the first twenty-five thousand dollars, are hereby allowed:

"(1) All property transferred to . . . corporations of this state organized under its laws, solely for . . . charitable . . . purposes, which shall use the property so transferred exclusively for the purposes of their organization, within the state, and all property transferred to banks or trust companies of this state, as trustees, in trust exclusively for . . . charitable . . . purposes in this state, shall be exempt."

It is to be noted that prior to 1927 sub. (1) of sec. 72.04, Stats., did not contain the clause "and all property transferred to banks or trust companies of this state, as trustees, in trust exclusively for public, religious, charitable, educational or municipal purposes, in this state." This clause was by ch. 416, Laws of 1927, inserted bodily into the subsection next before the closing words "shall be exempt."

It is the contention of the state that the transfer of the residue by the will must be considered as a transfer to the Grand Lodge for the benefit of the Home. The Grand Lodge is a corporation organized under the laws of this state but though organized in part for charitable purposes, it is organ-

ized for fraternal and other purposes not charitable, and it is therefore not organized solely for charitable purposes. A transfer to it, therefore, if made by the will as construed, although for charitable purposes, is not exempt from the transfer tax.

The respondents contend that the transfer effected by the will is not to the Grand Lodge for the benefit of the Home but to the committee of the Grand Lodge having charge of the administration of the Home and the funds devoted to its benefit. They contend that this committee is, in effect, in the language of sec. 72.01, Stats., above stated, a voluntary association organized solely for a charitable purpose. This committee is designated by the Grand Lodge by-laws creating it as the Home board. It is composed of ten members, the master of the Grand Lodge of the state and nine Masons selected by the Grand Lodge from members of local Masonic lodges, each of which is a separate corporation. All funds for operations of the Home are turned into a fund controlled by that board and used exclusively for maintaining the Home. Contributions for maintaining the Home are paid directly into this fund, which is deposited in a bank of the board's selection and checked out by the superintendent of the Home under authorization by the board.

While the court does not agree with the respondent that this Home board meets the calls of a voluntary association under the provision of sec. 72.01, Stats., it is of the view that under the rule of *Will of Prange,* 208 Wis. 404, 243 N. W. 488, the will transferred the residue to the bank for a charitable purpose. It is said on page 411 of the opinion in that case:

"It seems clear to us that the undisputed facts show that the transfer of the property to the bank was exclusively for a charitable purpose and that such transfer is exempt."

It was because the transfer by the *Prange* will was to a bank for a charitable purpose, and because of the provision of sec. 72.04 (1), Stats., that "all property transferred to

banks or trust companies of this state, as trustees, in trust exclusively for . . . charitable . . . purposes, in this state, shall be exempt" that the *Prange* bequest was held nontaxable. The rationale of the opinion in the *Prange Case* so shows. It is there pointed out that the provision as to banks and trust companies above quoted was enacted solely to broaden the limitations of secs. 72.01 and 72.04 (1) as to exemptions and to overthrow the holding of this court in *Estate of Price,* 192 Wis. 580, 213 N. W. 477, construing that provision. To do else than hold the instant bequest nontaxable would be a plain evasion of the provision of sec. 72.04 (1) above quoted and a plain frustration of the intention of the legislature in enacting that provision. It must be borne in mind that the statute enacting the provision next above referred to, as pointed out in the opinion in the *Prange Case,* was enacted long after the enactment of sec. 72.01 and long after the enactment of the other provisions of sec. 72.04 (1). Although that provision is inconsistent with sec. 72.01 and the other provisions of sub. (1) of sec. 72.04 the inconsistent provision must be given full effect.

It is true that the transfer by the Sheboygan bank of the trust property in the *Prange Case, supra,* was to a corporation organized subsequent to the receipt by the bank of the trust property, that met the calls of sec. 72.01, Stats. But the transfer of the trust property to that corporation was not effected by the will. It was effected by another and separate transfer. The transfer by the will to the bank is what made the *Prange* bequest nontaxable. And a transfer to the Grand Lodge by the instant bank as trustee would not serve to make the bequest taxable any more than a transfer of any other portion of the trust property, which the will expressly authorizes, would make such other transfer taxable.

It is to be noted that a statement in the opinion in *Will of Koch,* 222 Wis. 6, 11, 267 N. W. 320, is contrary to the above. But it is also directly contrary to the opinion in *Will of Prange,*

*supra.* The statement is that the provision of sub. (1) of sec. 72.04, Stats., exempting transfers to banks and trust companies for charitable purposes modifies the "requirements that transfers to corporations and associations must be not merely charitable in purpose but to corporations and associations organized solely for charitable purposes." There is nothing in the statute so saying as to transfers to banks. The court cannot insert or read into the statute a statement so saying. The statement moreover is purely *obiter.* There was nothing in the *Koch* will about banks or trust companies and no issue in that case to occasion any reference to gifts to banks or trust companies exclusively for charitable purposes. The transfer by the *Koch* will was to three individuals expressly named in the will, and that transfer was plainly taxable by both secs. 72.01 and 72.04 (1). The provision of sub. (1) of sec. 72.04 exempting transfers to banks and trust companies exclusively for charitable purposes does not declare that the bank-trustee shall itself administer the trust fund. It is sufficient if a bank pays over the bequest to a legal entity capable and charged with the duty of devoting it to the charitable purpose expressed by the will. The Sheboygan bank did not administer the *Prange* trust property further than to turn it over to a legal entity capable and charged with the duty of administering it.

The *Will of Chafin Case,* 210 Wis. 675, 247 N. W. 325, is also cited in the *Koch Case, supra.* The trustees there involved were also individuals. The transfer in trust made by the *Chafin* will was taxable for that reason and also for the reason that the transfer was not solely for charitable purposes, but in part for the benefit of relatives of the testator not objects of charity.

It appearing from the foregoing that the residue of the trust property passed by the will to the bank in trust to devote it to the benefit of the Home; and that the bank may so devote it either by conveying the residue to the Grand Lodge in trust

to devote it to the benefit of the Home, or by the bank itself administering the residue and devoting the proceeds directly to the benefit of the Home, one or the other of which it will do, the order of the county court should be affirmed.

*By the Court.*—The order of the county court is affirmed.

BARLOW, J., took no part.