ESTATE OF JUSSEN: MISSIONARY ASSOCIATION OF CATHOLIC WOMEN, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*February 3—March 3, 1953.*

For the appellant there were briefs and oral argument by *Alfred W. Ecks*, attorney, and *Henry V. Kane* of counsel, both of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons* and *E. Weston Wood*, assistant attorneys general, and *Neil Conway*, inheritance tax counsel, and oral argument by *Mr. Persons, Mr. Wood*, and *Mr. Conway*.

Currie, J.   Whether the bequest for the benefit of the Missionary Association of Catholic Women, Milwaukee, Wisconsin (hereinafter referred to as the "Missionary Association"), is exempt from inheritance tax depends upon the proper construction of sec. 72.04 (1), Stats., providing as follows:

"All property transferred to municipal corporations within the state for strictly county, town, or municipal purposes, or *to corporations of this state organized under its laws, solely for religious,* humane, charitable, or educational *purposes,* and to any national organization of veterans of the armed forces of the United States or subordinate unit thereof, *which shall use the property so transferred exclusively for the purposes of their organization, within the state,* and all property transferred *to banks or trust companies of this state, or to individuals residing in this state, as trustees, in trust exclusively for* public, *religious,* humane, charitable, educational, or municipal *purposes in this state,* and all property transferred to the American National Red Cross or any chapter thereof, shall be exempt, including property heretofore transferred on which the tax has not been paid." (Italics supplied.)

Appellant points out that at the time of the decision in *Estate of Price* (1927), 192 Wis. 580, 213 N. W. 477, sec. 72.04 (1), Stats., contained no provision exempting religious or charitable bequests in trust to banks or trust companies as trustees, and thereafter the legislature enacted ch. 416, Laws of 1927, amending sec. 72.04 (1), so as to exempt such trust bequests. From this appellant argues that it was the intention of the legislature to broaden the exemption, rather than to narrow it, so that a bequest which would have been exempt under the original statute, if made directly to a Wisconsin religious or charitable corporation, would also be exempt if made in trust for the benefit of such corporation.

However, even if we were to determine that an outright direct bequest to the Missionary Association would be exempt (which we cannot, for reasons hereinafter stated), appellant's contention with respect to a bequest in trust to such association is not supported by the decisions of this court in *Will of Prange* (1932), 208 Wis. 404, 243 N. W. 488, and *Estate of Thronson* (1943), 243 Wis. 73, 9 N. W. (2d) 641. These two decisions hold that it is the purpose of the bequest, rather than the corporation to which payment of the trust bequest is to be made, which determines the exemption.

This court, in the decision in *Will of Prange, supra,* stated (p. 410):

"Immediately following that decision [*Estate of Price*] the legislature enacted ch. 416, Laws of 1927, which added the clause hereinbefore recited exempting transfers to banks or trust companies for the purposes therein mentioned. The very prompt enactment of that chapter by the legislature rather strongly indicates that *the legislature intended that the charitable purpose of a bequest, rather than the channel through which it passes,* should determine whether a bequest is exempt from an inheritance tax." (Emphasis supplied.)

In *Estate of Thronson, supra,* the testator made a bequest in trust to a bank as trustee for the benefit of his wife for life, and after her death for the benefit of his two children, and then after the death of the surviving child the trustee was directed "to pay over, assign, transfer, and convey the residue" to "The Masonic Home at Dousman, Wisconsin." This court in *Van Brunt v. Ferguson* (1916), 163 Wis. 540, 158 N. W. 295, held that such Masonic Home was maintained for a "charitable purpose in this state." However, such Home did not constitute a separate legal entity but was operated by the Grand Lodge of Free and Accepted Masons of the state of Wisconsin, which Grand Lodge is organized for fraternal and other purposes in addition to charitable purposes, and therefore an outright bequest to such Grand Lodge would not have been exempt. The court, however, held in *Estate of Thronson, supra,* that the fact, that the Grand Lodge did not qualify as an exempt charitable corporation, did not prevent the trust bequest from being exempt, as the charitable purpose determines exemptions and not the entity to whom the same is to be paid by the trustee; and that the trustee bank might either pay the residue directly over to the Grand Lodge in trust to be devoted to the benefit of the Home, or the trustee itself could administer the residue and disburse the proceeds directly for the benefit of the Home.

Applying the test for exemption laid down in *Will of Prange, supra,* and *Estate of Thronson, supra,* that it is the purpose which determines the exemption, the bequest in the instant case cannot qualify for exemption under the statute, if it be construed as a trust bequest, because it is not *"exclusively for . . . religious . . . purposes in this state,"* unless the resolution adopted by the board of directors of the Missionary Association confining the use of the proceeds of the bequest to Wisconsin is effective to bring about such exemption.

The following cases are authority for the general principle that the rights of all parties, including the state, under an inheritance tax statute, are determined as of the date of death of the decedent without power in legatees by their acts to effect a change. *In Re Cress' Estate* (1953), 335 Mich. 551, 56 N. W. (2d) 380; *People v. First National Bank* (1936), 364 Ill. 262, 4 N. E. (2d) 378; *Old Colony Trust Co. v. Treas. & Rec. Gen.* (1921), 238 Mass. 544, 131 N. E. 321; and *Pierce v. Stevens* (1910), 205 Mass. 219, 91 N. E. 319. This principle was followed by this court in *Estate of Johnston* (1925), 186 Wis. 599, 203 N. W. 376, in which decedent's son had assigned to Marquette College any property he might inherit from his mother; and this court held therein that the amount which the college received under the assignment was subject to tax.

We believe that the principle announced by the foregoing authorities is sound in so far as determining whether a bequest in trust is "exclusively for public, religious, humane, charitable, educational, or municipal purposes in this state." Whether such a trust bequest is exclusively for an exempt purpose in this state is therefore to be determined as of the instant of death of the decedent, and not by any subsequent action taken by the beneficiary.

Appellant cites *Will of Prange, supra,* as authority for holding that the action of the board of directors of the Missionary Association subsequent to the death of testatrix, in specifying that the proceeds of the trust bequest should be used exclusively for missionary activities in Wisconsin, is effective to exempt the same from inheritance tax. In *Will of Prange, supra,* testatrix by her will provided that one half of the residue of her estate should be held in trust by the trustee bank for the establishment and maintenance of another hospital in the city of Sheboygan on condition that other persons would contribute $100,000 toward the establishment of such hospital, with a gift over in the event such

hospital should not have been established and organized within ten years after her death. After death of testatrix contributions in the amount of $100,000 from others were obtained and deposited with the trustee and a new hospital association was incorporated, the articles of which provided that no dividends or pecuniary profits should be paid to the members, and the trustee then paid over the trust bequest of one half of the residue to such association. The state contended the bequest was not exempt because the transfer was made to a corporation formed after the death of testatrix and pointed out that there was no direct provision in the will requiring the trust bequest to be paid to a hospital organized solely for charitable purposes. This court, however, construed the will to provide that the testatrix did intend that the hospital to be established should be a charitable institution and held the bequest exempt from inheritance tax. Therefore, the exemption was not dependent on that which transpired subsequent to the death of testatrix in the organization of the hospital association, but rather upon the intent of testatrix as gathered from her will.

*Will of Prange, supra,* is also authority for the principle that the exemption is not defeated if a decedent makes a trust bequest, otherwise exempt from tax, subject to a condition dependent upon occurrence after death, such as the condition prescribed by the will of testatrix in that case, that the bequest to the hospital was contingent upon $100,000 being raised through contributions of other persons and that the hospital be organized and established by a certain specified date, if such condition so specified in the will is complied with. However, such principle has no application to the case at bar.

There is, however, one further theory advanced to sustain the claimed exemption from inheritance tax on the bequest to the Missionary Association, *i. e.,* that actually there was no bequest in trust to the Missionary Association, but only an outright gift to take effect at the termination of the trust

created for the benefit of the two sisters of testatrix. There is logic to sustain such contention of an outright gift in view of the fact that the trustee bank was to do nothing upon the expiration of the trust for the benefit of the two sisters except to pay the money over to the Missionary Association. However, we find it unnecessary to determine whether the bequest to the Missionary Association was an outright bequest, and not a bequest in trust, for the purposes of determining exemption under the provision of sec. 72.04 (1), Stats., because exemption cannot be sustained on the theory of outright bequest.

The material portion of sec. 72.04 (1), Stats., applicable to determination of the question of whether the bequest of testatrix to the Missionary Association is exempt as an outright bequest, provides for the exemption of the following:

"All property transferred . . . to corporations of this state organized under its laws, solely for religious . . . purposes, and to any national organization of veterans of the armed forces of the United States or subordinate unit thereof, *which shall use the property so transferred exclusively for the purposes of their organization, within the state, . . .*" (Italics supplied.)

At the outset it should be pointed out that the italicized words of the statute. *"which shall use the property so transferred exclusively for the purposes of their organization, within the state"* refer "to corporations of this state organized under its laws, solely for religious . . . purposes," as well as to national veterans' organizations. This is so because such italicized words appeared in the statute prior to its amendment by ch. 569, Laws of 1945, which added the exemption as to national veterans' organizations.

If the articles of incorporation of a Wisconsin religious corporation provide for corporate purposes that can be carried out only within the state, this is sufficient to sustain the exemption from inheritance tax of an outright bequest to it.

However, the articles of incorporation of the Missionary Association specifically provide for the support and aid of "home and foreign missions of the Roman Catholic Church." Thus we have the articles expressly providing for a purpose to use the funds of the corporation for foreign missions, as well as home missions, so it is apparent from the articles that the funds of the Missionary Association are not used *"exclusively"* for religious purposes *"within the state."*

Therefore, if the bequest to the Missionary Association is to be exempted from tax on the theory of an outright bequest, and not as a bequest in trust, such exemption must rest upon the resolution of its board of directors passed after death of testatrix. The words *"which shall use"* of the statute seem to import future action to take place after the death of decedent and in this respect may provide an exception to the general rule hereinbefore cited that exemption is to be determined as of the instant of death. Apparently these words of the statute have not been construed by any prior decision of this court.

However, the use which a religious corporation, such as the Missionary Association, is to make of a bequest is necessarily controlled by the intention of the decedent if such intention is manifest. In the instant case it is highly significant that the bequest to St. Vincent de Paul Society, Milwaukee, Wisconsin, expressly stated that it was "to be used throughout the Milwaukee, Wisconsin, archdiocese," while the bequest to the Missionary Association did not specify where it was to be used. Testatrix must be presumed to have known that a large part of the funds of the Missionary Association were devoted to missions outside of Wisconsin, and her failure to restrict the use of her bequest within the limits of Wisconsin is indicative of a desire to have the proceeds of her bequest used in the general work of the association for outside as well as Wisconsin missions. It may well be that she had the foreign mission work of the association in mind

when she drafted her will. That part of the resolution adopted by the Missionary Association's board of directors which restricted the use of the proceeds of the bequest within the state must be held to be invalid as contrary to the intent of the testatrix.

For the reasons stated we conclude that the learned trial court was right in holding that the bequest to the Missionary Association was not exempt from inheritance tax.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.