ESTATE OF FULTON : STATE, Appellant, vs. FULTON FOUN-
DATION and others, Respondents.

*October 8—November 7, 1956.*

600

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, attorneys, and *Richard E. Williams,* inheritance tax counsel, of counsel, and oral argument by *Mr. Persons* and *Mr. Williams.*

For the respondents there was a brief by *Fairchild, Foley & Sammond, Frederic Sammond,* and *George M. Chester,* attorneys, and *Bender, Trump, McIntyre, Trimborn & God-*

frey, *Walter H. Bender,* and *Kneeland A. Godfrey* of counsel, all of Milwaukee, and oral argument by *Frederic Sammond* and *Kneeland A. Godfrey.*

MARTIN, J. Appellant poses two questions: 1. Was it the intent of the testator that his bequest to the Foundation be restricted to use by the Foundation exclusively within Wisconsin; 2. If it was not, can the directors of the Foundation so restrict its use to obtain the exemption provided by sec. 72.04 (1), Stats.?

The statute provides:

"The following exemptions from the tax are hereby allowed:

"(1) All property transferred . . . to corporations or voluntary associations organized under the laws of this state, solely for religious, humane, charitable, or educational purposes, . . . which shall use the property so transferred exclusively for the purposes of their organization, within the state . . . ; provided, that the requirement of use or purposes in this state shall be deemed satisfied as to all property so transferred which is used or permanently set aside for use exclusively within this state by such corporations, organizations, or trustees at any time before the tax which would otherwise be payable on the transfer of such property has been finally and conclusively fixed and determined. . . ."

As appellant points out, the language of the residuary bequest in Samuel A. Fulton's will is completely silent as to where it shall be used by the Foundation. It is appellant's position that since the testator during his lifetime personally directed the corporation's donations to organizations both within and without the state of Wisconsin, the bequest must be interpreted as meaning it should be used to carry on the Foundation's purposes in the same manner. The state relies on *Estate of Jussen* (1953), 263 Wis. 274, 57 N. W. (2d) 343, where this court held that a bequest to a missionary association which devoted a large part of its funds to missions outside Wisconsin, such bequest not being restricted to use

in Wisconsin, indicated the testatrix's intention that it should be used in the work of the association outside the state as well as within its boundaries; that a resolution by the association to restrict the use of the bequest within the state was invalid as contrary to that intent.

The case is not controlling for two reasons. There the testatrix had made a similar bequest to another charitable organization, specifying it should be used within Wisconsin. Under those circumstances, her failure to restrict the use of the bequest to the missionary association in the same manner indicated her intention that it should be used both within and without the state. In the will of Samuel A. Fulton, the testator gave no indication as to how the residuary bequest should be used. He knew, however, that disposition of the Foundation's funds was within the discretion of its board of directors. Its articles provide for use of its funds either within or without the state. In placing no restrictions whatever upon its use, he left the directors free to use the bequest either "in this state or in any of the other states of the United States" as they saw fit.

If, as appellant suggests, the testator must have meant that the bequest should be used in carrying on the work of the Foundation in the same pattern as was followed while he directed its operations, 42.66 per cent of its donations within Wisconsin and 57.34 per cent outside, it may be noted that it is possible for the Foundation to continue this pattern even though the proceeds of the bequest are restricted to donations within the state. Property of the Foundation contributed by the decedent and his wife prior to his death, which property is subject to no restriction such as the resolution places upon the bequest, will constitute the greater part of the Foundation's assets and make it possible for the directors to continue the policy followed by the testator while he was its president. This can be of no materiality, however, since in any event the disposition of the Foundation's assets is entirely within

the discretion of its directors. The testator knew this and, while he may have desired, or even expected, that they would follow the pattern he established, he placed no restrictions on the exercise of their discretion with respect to the bequest.

The second reason why the *Jussen Case* is not controlling is that it was decided before the legislature added to the statute the clause "that the requirement of use or purposes in this state shall be deemed satisfied as to all property so transferred which is used or permanently set aside for use exclusively within this state by such corporations, organizations, or trustees at any time before the tax which would otherwise be payable on the transfer of such property has been finally and conclusively fixed and determined." In our opinion, the amendment clearly shows an intent on the part of the legislature to encourage religious, educational, and charitable organizations to use funds they acquire by bequest exclusively within Wisconsin.

Appellant argues that the resolution does not "permanently set aside" the bequest because the Foundation retains control of its disposition; that it is not binding so far as succeeding directors are concerned. We are not persuaded that the directors will, after the exemption is allowed, reverse their action and divert the proceeds of the bequest to organizations outside the state. The presumption is that they will act in accordance with the resolution. If, however, they should revoke it or act in disobedience thereto, the attorney general has the right to bring an action under sec. 231.34, Stats., or for forfeiture of the corporate charter.

*By the Court.*—Order affirmed.