Estate of Silverthorn: Trustees of the Grand Lodge of Free and Accepted Masons of Wisconsin, Appellants, vs. Cunningham and others, Defendants: The State, Respondent.

*December 5, 1956—January 7, 1957.*

454

The cause was submitted for the appellants on the briefs of *Geffs, Geffs, Block & Geffs* of Janesville, and for the respondent on the brief of the *Attorney General* and *Harold H. Persons,* assistant attorney general, attorneys, and *Richard E. Williams,* inheritance tax counsel, of counsel.

WINGERT, J. Exemption is claimed by appellant under sec. 72.04 (1), Stats. 1953, the material parts of which are as follows:

"The following exemptions from the tax are hereby allowed:

"(1) All property transferred . . . to corporations or voluntary associations organized under the laws of this state, solely for religious, humane, charitable, or educational purposes, . . . which shall use the property so transferred exclusively for the purposes of their organization, within the state, and all property transferred to banks or trust companies of this state, or to individuals residing in this state, as trustees, in trust exclusively for public, religious, humane, charitable, educational, or municipal purposes in this state . . . shall be exempt."

The principal question for decision is whether the above-quoted provisions of the will, properly construed, make bequests to the corporation which owns and operates the Masonic Home and the Ladies Home or Hospital at Dousman, or to the individual trustees of the corporation, in trust for the benefit of those charitable institutions. If the bequests run to the corporation they are not exempt from inheritance tax, for the corporation is not organized "*solely* for religious, humane, charitable, or educational purposes," and is not a "bank or trust company." If, on the other hand, the bequests are given to individuals in trust, then we may assume for present purposes that they would be exempt as "property transferred . . . to individuals residing in this state, as

trustees, in trust exclusively for . . . charitable . . . purposes in this state."

1. The county judge construed the will as making the bequests to the corporation. In his careful opinion, after referring to *Danforth v. Oshkosh,* 119 Wis. 262, 97 N. W. 258, he stated:

"In the present instance the gift is to the Trustees of the Grand Lodge. The Grand Lodge is the legal entity under which the operation and maintenance of the Wisconsin Masonic Home, at Dousman, and the Ladies Home, or Hospital, at Dousman are operated. While these homes are designated as the objects of the charitable provision in the will of the testatrix, these same homes, having no separate legal entity, are, in fact, homes of the Grand Lodge. These gifts are made for the purpose of carrying out the activities and functions of the Grand Lodge. These bequests are made to the Grand Lodge, not for the benefit of another but for their own benefits and purposes."

We agree with the county court that the bequests run to the corporation, not to individuals in trust.

The Grand Lodge of Free and Accepted Masons of Wisconsin is subject to the provisions of secs. 188.01 to 188.04, Stats. Its members elect "trustees" to take care of its property and transact all business relative to the investment and disposal thereof. (Sec. 188.01.) By express provision of sec. 188.02, such trustees "for all purposes for which they are authorized to act shall be deemed a corporation," and the name in which they shall sue or be sued is "The trustees of" the Grand Lodge of Free and Accepted Masons of Wisconsin.

Thus when testatrix named as legatee "the Trustees of the Grand Lodge of Free and Accepted Masons of Wisconsin," she named a corporation by the precise name prescribed by statute for that corporation. She did exactly what the most skilful draftsman would naturally do to specify a gift to the corporation.

If it had been intended to make gifts to individuals to be held in trust, normal practice would have led to the inclusion of the words "in trust" and of provisions relative to such matters as the date as of which the identity of the individual trustees was to be determined, the effect of ceasing to be a member of the corporate board of trustees on the individual trusteeship of the testamentary trust, and the investment and administration of principal and income of the trust fund. While such provisions are not essential to the creation of a trust, their absence in the present will throws light on the intent of the testatrix. The will appears to be competently drawn, presumably by a lawyer, and this is not a case where omissions can readily be attributed to ignorance or oversight.

Since the terms of the will fall short of what is usual in setting up a trust with individual trustees, but correspond exactly with what one would expect a competent draftsman to use in specifying a gift to the corporation, we are persuaded that the latter was intended.

*Estate of Rowell,* 248 Wis. 520, 22 N. W. (2d) 604, cited by appellants, is not to the contrary. There the legatee designated by the will as construed by the court was not a corporation nor a legal entity, and therefore could not take title, so in order to sustain the bequest and effectuate the obvious wish of the testator, the court had to find a trust and appoint a qualified trustee to take title. Here the named beneficiary is a corporation and no such judicial intervention is required to carry out the testamentary intent.

2. It follows that the bequests are not exempt from the inheritance tax, since the corporation is not organized *solely* for charitable purposes. *Estate of Thronson,* 243 Wis. 73, 77, 9 N. W. (2d) 641. We need not determine whether the corporation holds the bequests impressed with a trust, for since it is not a bank or trust company, transfers to it in trust for its charitable purposes are not exempt under sec. 72.04 (1), Stats.

Appellants argue that it is the purpose of a bequest, rather than the character of corporation to which payment of the bequest is to be made, which determines the exemption, and they cite *Estate of Thronson,* 243 Wis. 73, 9 N. W. (2d) 641, and *Estate of Jussen,* 263 Wis. 274, 278, 57 N. W. (2d) 343.

The language of those decisions must be read in the light of their facts. In *Estate of Thronson, supra,* the bequest was made to a bank in trust for the charity, and hence fitted within the statutory specification of "property transferred to banks or trust companies of this state . . . as trustees, in trust exclusively for . . . charitable . . . purposes in this state." In *Estate of Jussen, supra,* that decision was referred to, but held inapplicable to exempt a bequest to the Missionary Association of Catholic Women, which was not a bank or trust company, and which could not qualify for exemption when treated as the recipient of an outright gift.

The legislature has carefully restricted the tax exemption accorded to testamentary gifts to corporations for charitable purposes, to cases where the corporation is organized *solely* for charitable purposes, or is a bank or trust company which takes the gift in trust for charitable purposes. Those restrictions are controlling, no matter how beneficent the ultimate use of the gift.

*By the Court.*—Order affirmed.