GoRdon, J.
Each of the two bequests to the Elks Club was expressly limited by the testator as to the purpose for which it was to be used. In one instance, the will contained the words' “to be used only for charitable purposesin the other instance, the same expression without the word “only” was employed.
The trial court interpreted these gifts to be impressed with a restriction that they be used for public charitable purposes. In view of the language of the instrument, we must agree with that conclusion.’ Estate of Lawrence (1964), 22 Wis. (2d) 624, 126 N. W. (2d) 517; Will of Richter (1934), 215 Wis. 108, 254 N. W. 103. We interpret the words of this will to establish that the testator intended to make a charitable bequest, and under all the circumstances it must be construed to be a public charitable gift rather than a private charitable gift or a noncharitable one. Estate of Brandenburg (1961), 13 Wis. (2d) 217, 108 N. W. (2d) 374; Estate of Rowell (1946), 248 Wis. 520, 22 N. W. (2d) 604.
In Estate of Bletsch (1964), 25 Wis. (2d) 40, 130 N. W. (2d) 275, we recognized that the court will endeavor to carry out a charitable purpose which is manifested in a testament. If a private type of charity is intended by a donor, the instrument must offer reasonably clear support for such concept. This court will not presume an intention that a charitable bequest is to be available for private charitable purposes. Harrington v. Pier (1900), 105 Wis. 485, 82 N. W. 345. This is true no matter how worthy may be the institution or the private charity involved.
The testator in the case at bar did not create a formal trust, but we have held that the words “in trust” are not essential *520 in the establishment of a charitable trust. Maxcy v. Oshkosh (1910), 144 Wis. 238, 249, 128 N. W. 899, 128 N. W. 1136; Restatement, 2 Trusts (2d), p. 215, sec. 351, ch. 11. Cf. Estate of Silverthorn (1957), 274 Wis. 453, 457, 80 N. W. (2d) 430.
In Estate of Bletsch (1964), 25 Wis. (2d) 40, 47, 130 N. W. (2d) 275, we commented as follows concerning the doctrine of cy pres:
“In our opinion, it is sufficient if there is a bequest to a charity. In a sense, it can perhaps be said that a charity always receives the gift in trust for its purposes.”
Sec. 231.11 (7) (d), Stats., asserts the legislative policy of our state to be as follows:
“Where the fulfillment of the special purpose expressed in a trust or other gift for charitable or public purposes is or becomes impracticable, impossible or unlawful, it shall be the duty of the courts by a liberal construction of the trust or gift to ascertain the general purpose of the donor and to carry it into effect in the nearest practicable manner to the expressed special purpose; provided, however, that the right of visitation of a living donor shall not be held to be impaired by anything contained in this subsection.”
The appellant has objected to the court’s appointment of trustees and has urged that trustees (if they are found to be needed) be selected from amongst the leadership of the appellant fraternal order. In the absence of a contrary intent determinable from the instrument, it is ordinarily within the province of the county court to select trustees and to fix the conditions and terms of the trust’s administration. See Estate of Rowell (1946), 248 Wis. 520, 525, 526, 22 N. W. (2d) 604; Restatement, 2 Trusts (2d), pp. 286, 287, sec. 397, ch. 11.
We recognize that tax considerations may have formed the impetus for this litigation. Nevertheless, the taxing agencies *521 are not parties before this court, and we do not purport to reach any determination concerning the taxability of the interests herein.
By the Court. — Order affirmed.