J.S. HOLT, Acting Secretary, Board of Regents of the Universityof Wisconsin System
In your letter of March 5, 1973, you indicate that the Legislative Audit Bureau reported to the Governor their belief that the student loan funds established by gifts and administered by the student loan offices are trust funds rather than program revenue funds.
In asking my opinion as to whether student loan funds established by gifts are trust or program revenue funds, you are referring to student loan funds designated by the donor and established by gifts received under the authority of sec. 36.065, Stats., which allows the University to receive gifts for the benefit of *Page 110 
various classes of students at the University. Presumably, the funds received by the University as a result of such gifts would also create income in the form of interest and dividends, depending upon the type of investment. The question, therefore, is whether these funds and the income therefrom should be classified under a trust category or as program revenue.
Our Supreme Court, in Sutherland v. Pierner (1946), 249 Wis. 462,24 N.W.2d 883, pointed out that there are three principal elements of a trust, as follows:
"(1) a trustee, who holds the trust property and is subject to equitable duties to deal with it for the benefit of another; (2) a beneficiary, to whom the trustee owes equitable duties to deal with the trust property for his benefit; (3) trust property, which is held by the trustee for the beneficiary. * * *"
It appears that we have all the necessary elements of a trust, since under the provisions of sec. 36.065 gifts may be received by the named officials as trustees, the beneficiaries in this case are the students who benefit from the loans, and of course the trust property, the money, is held by the University for the benefit of the students who are eligible to borrow the money.
There may be situations, however, where the terms of a gift do not set up a trust but merely provide for the gift to be given to the University for the benefit of a particular function of the University itself. In such case, no trust would be created for the benefit of another. See Estate of Silverthorn: Trustees ofthe Grand Lodge of Free and Accepted Masons of WisconsinAppellants, v. Cunningham and others, Defendants: The State,Respondent (1957), 274 Wis. 453, 80 N.W.2d 430. You can understand, therefore, that the terms of the gifts would determine whether a trust is created.
I must conclude, however, that here, where the hypothetical fact situation is stated so that we have the trustee, a beneficiary, and trust property, we are dealing with trust funds rather than program *Page 111 
revenue funds. Estate of Steck (1957), 275 Wis. 290,81 N.W.2d 729.
RWW:LLD