SUTHERLAND, Appellant, vs. PIERNER and others, Respondents.

*October 24—November 26, 1946.*

*Lynn D. Jaseph* of Green Bay, for the appellant.

For the respondents there was a brief by *Strehlow & Cranston* of Green Bay, and oral argument by *Lee H. Cranston*.

ROSENBERRY, C. J. The facts in this case are undisputed and may be briefly stated as follows: On May 16, 1932, Nellie Sutherland, the mother of Cora Sutherland, also known as Cora Gayle Sutherland, conveyed certain real property to the plaintiff. The deed was given subject to the following conditions:

"This deed is given to grantee, subject to the following conditions: That upon my death, that the grantee must pay to my grandchildren out of my estate, the sums of money indicated after each name—To Harley Pierner $500; Melvin Pierner $1,000; Richard Pierner $500; Loraine Pierner $1,000; Warren Pierner $500; Ruth Pierner $1,000; and Marvin Cropsey $500. . . ."

The deed was duly recorded. It was drawn by a justice of the peace. Harley Pierner died leaving as his sole heir his father, John Pierner; John Pierner by deed properly transferred his interest to the other defendants, share and share alike.

After the conveyance, Nellie Sutherland continued in possession of the premises, collected the rents thereon up to the time of her death. Since that time Cora Sutherland has collected the rents and had possession of the property; that the only other estate or property owned by Nellie Sutherland at the time of her death was a bank deposit of $100. No part of the amount stipulated in the deed has been paid to the grandchildren or any of them.

The defendants answered the plaintiff's complaint and prayed that the plaintiff's complaint be dismissed; that each of them have judgment for the amount to be paid them under the terms of the deed and for an additional sum each one sixth of $500, the share which was to have been paid to Harley Pierner; that the judgment be held and declared to be a lien upon the premises conveyed to the plaintiff by her mother; that in default of payment of the amount due the defendants, the defendants may have foreclosure of said lien by sale of the

premises and application of the purchase price in payment of said judgment, and that a trust fund be set up for the payment of the amount found to be due to Marvin Cropsey. The judgment granted the relief prayed for in the counterclaim, directed a sale of the premises in case of default and adjudged that—

"If the proceeds realized from said sale shall be insufficient, after paying the costs of the action and of making sale, to pay the full amount adjudged to the said defendants, as above adjudged and directed, then that the said sheriff pay and distribute the proceeds of such sale applicable thereto to each of said defendants in the proportion which the sum adjudged to each bears to the whole amount adjudged to all.

"That if any deficiency arises upon such sale in the payment of such sums so adjudged to be due, said sheriff shall specify the same in his report of sale, and that judgment may be rendered therefor on the confirmation of such sale against the plaintiff, and that the purchaser, or purchasers, at such sale be entitled to a writ of assistance to obtain possession of the premises sold in manner as provided by law."

The plaintiff contends on this appeal that the trial court was in error in holding that the defendants were entitled to a lien upon the land to secure the payment of the amounts due them; in awarding personal judgment against the plaintiff for deficiency; and in holding that the interest of Harley Pierner passed by inheritance to his father, John Pierner, and was not assignable to the remaining defendants.

The contentions of the plaintiff make it necessary for us critically to examine the clause of the deed above quoted. Does the provision, as plaintiff contends, (1) charge the payment of the $5,000 upon the estate of the grantor and not upon the lands conveyed, or (2) as the court held is a contract created for the benefit of third parties,—the named grandchildren,—or (3) does the quoted provision create a trust for the benefit of the named grandchildren?

Plaintiff's contention is based upon the use of the word "estate" in the clause. This contention gives to the word

"estate" a very restricted and technical meaning. It appears that the instrument was drawn by a justice of the peace not skilled in the use of technical terms, and that by the conveyance the grantor transferred practically all of the property of which she was possessed to the plaintiff, so that upon her death she left practically no estate. According to the record she did not possess an estate exceeding $100 at the time of her death over and above the property conveyed. The word "estate" has a very general and broad meaning and is most frequently used to describe the property, particularly real property, of which one is possessed. By the terms of the deed she put her property entirely out of her control. There are no contingencies provided for by the conveyance. It is by its terms absolute. Under the circumstances of this case, it is considered that the word "estate" must be construed to mean the property which she conveyed. Any other construction results in an absurdity,—that she charged the payment of $5,000 out of an estate which did not exceed $100.

It is considered that strictly speaking the clause does not create a contract for the benefit of third parties. A contract for the benefit of a third party is one in which the promisor engages with the promisee to render some performance to a third person. The beneficiary of such a contract has merely a personal claim against the promisor while the beneficiary of a trust has a beneficial interest in the trust property. There is a fiduciary relation between trustee and beneficiary; there is no fiduciary relation between the promisor or promisee and the beneficiary of a contract. If property is transferred by one person to another who agrees to sell such property and to pay the proceeds or a certain amount therefrom to a third person, a trust is created. · Restatement, 1 Trusts, sec. 14, comments *a, b,* and *f.*

The grantor conveyed the property in question to the plaintiff who was to hold it and deal with it for the benefit of the

named grandchildren in accordance with the terms of the instrument. The elements of a trust are:

(1) a trustee, who holds the trust property and is subject to equitable duties to deal with it for the benefit of another; (2) a beneficiary, to whom the trustee owes equitable duties to deal with the trust property for his benefit; (3) trust property, which is held by the trustee for the beneficiary. Restatement, 1 Trusts, p. 13, sec. 2, comment *h; Boyle v. Kempkin* (1943), 243 Wis. 86, 9 N. W. (2d) 589. See Restatement, 1 Trusts, sec. 15; also 1 Scott, Trusts, p. 111, sec. 14, and cases cited in note 8, Restatement, Contracts, secs. 133–147; 2 Williston, Contracts, secs. 347–351, and sec. 356.

It is considered that under all of the authorities the instrument in question created a trust for the benefit of the named grandchildren. The condition did not require the plaintiff to pay in any event. It required her only to pay the amounts named if realized out of the property conveyed. Subject to the right of a named trustee to disclaim, a trust can be created without acceptance by the trustee. Restatement, 1 Trusts, sec. 35; 1 Scott, Trusts, p. 111, sec. 14.

In this case the plaintiff accepted the conveyance and was thereafter under a duty to the beneficiaries to administer the trust solely in the interest of the beneficiaries. Restatement, 1 Trusts, secs. 169 and 170.

By the commencement of this action, the plaintiff repudiated the trust and sought the aid of the court to cut off the rights of the beneficiaries and vest the title to the property in her free and clear. She thereby declared that she would refuse to administer the trust property and that she claimed it as her own. This amounted to a breach of the trust and entitled the defendants to seek the aid of the court in the enforcement of the trust. 2 Scott, Trusts, secs. 200, 200.04, and 201.

Instead of doing that, they sought recovery on the ground that the clause was a contract for their benefit.

Harley Pierner, one of the beneficiaries, died before the commencement of this action. Whether he predeceased his grandmother is not clear from the record. Whether he did or not is immaterial. He was a cobeneficiary and his interest in the trust property descended upon his death to the one who would take if Harley had been the sole beneficiary,—in this case, his father, who conveyed the interest which devolved upon him to the other beneficiaries in equal shares. It is not necessary to determine whether the beneficiaries are tenants in common or joint tenants of the trust property. Restatement, 1 Trusts, p. 352, sec. 142, p. 356, sec. 143.

The trust property being real property, the interest of a beneficiary is real property. Restatement, 1 Trusts, sec. 130; 1 Scott, Trusts, p. 678, sec. 130.

In view of the fact that the trial court disposed of this case on the theory that the conveyance created a contract for the benefit of third persons, it is considered that the judgment entered should be reversed and the cause remanded for further proceedings as the parties may be advised. The fact that a trust was created charged the plaintiff with different duties and subjected her to different liabilities than those which arise under a contract for the benefit of third parties and for that reason further proceedings are necessary.

*By the Court.*—The judgment is reversed, and cause remanded for further proceedings in accordance with this opinion. No costs to be taxed in this court; the plaintiff to pay the clerk's fees.