## In Re NATIONAL BENEFIT ASSOCIATION

(29 N. W.2d 81.)

(File No. 8938. Opinion filed October 13, 1947.)

Rehearing Denied Dec. 12, 1947.

**J. W. Kaye,** of Mitchell, and **Davenport, Evans & Hurwitz,** of Sioux Falls, for Appellant.

**Fellows & Fellows,** of Mitchell, and **Royhl & Longstaff,** of Huron, for Respondents.

**Sigurd Anderson, Atty. Gen.,** and **William Williamson,** Asst. Atty. Gen., amicus curiae.

RUDOLPH, J. · The appellant, National Benefit Association, presented to the Circuit Court of Davison County, its petition for the administration of an alleged trust. The petition sought administration of the trust under the provisions of SDC 33.26. The petition alleged that petitioner is a mutual assessment insurance company organized and transacting business under the provisions of SDC 31.19. In the course of its business, petitioner levied certain assessments against its members and by virtue of such assessments accumulated in addition to the emergency fund provided for by SDC 31.1903, funds in the amount of $304,861.25. The Attorney General of this state ruled that all such funds accumulated in excess of the emergency fund were collected in excess of petitioner's powers and without authority in law. The petition further alleged that while said assessments had been made in good faith in the belief that they were authorized by law, the petitioner had accepted the ruling of the Attorney General and requested the court to determine that such funds constitute trust funds in the hands of the petitioner held for the benefit of those who had made the payments. The petitioner has approximately 35,174 members living in South Dakota and elsewhere throughout the United States and it is alleged that all of these members, together with a large number of former members and heirs of former members, have an interest in said fund. Because of the many persons interested, notice of hearing on the petition was ordered by the court to be given and was given under the provisions of SDC 33.2610, as amended by Court Rule I of 1941, which became effective January 15, 1942. The notice was published once each week for three successive weeks in the Daily Republic, a newspaper published in Mitchell, South Dakota. Prior to the date fixed for hearing upon such petition, one Carl H. Furchner, a member of the National Benefit Association, purporting to act for himself and all of those similarly situated, filed with the Circuit Court of Davison County, an application for a restraining order wherein it was asked that the National Benefit Association, as well as its officers, directors, and agents, be enjoined and restrained until fur-

ther order of the court, from making any further disbursements or disposition of property, credits and money from any of its funds. This Furchner application was apparently filed in response to petitioner's application to the court for the administration of the alleged trust funds referred to in its petition and has been treated throughout as a part of the proceeding instituted by appellant and as an appearance in opposition to appellant's application for the administration of the funds alleged to be held in trust. The alleged facts upon which Mr. Furchner sought the restraining order as set forth in his application are substantially as follows: In addition to the funds set forth in appellant's petition which under the ruling of the Attorney General were collected in excess of its powers, the Furchner petition alleges that the company holds in its possession other funds and property and that it holds all of such funds in trust for its members. That two other benefit associations, American Life Underwriters and Federal Benefit Association, are operated in the single office and under the same management as the National Benefit Association with interlocking directors and have so been conducted and operated for a long time preceding the commencement of these proceedings. That within the past year the directors of the three benefit associations have caused to be organized a mutual level premium life insurance company with practically the same officers and directors and the operation of this new company is carried on in the same offices with the same equipment and employees and with the same management as with the old company. That the officers and directors of these companies have in effect been raiding the old companies for the benefit of this newly organized company and that the affairs of the old companies and the new company have been confused with the result that the funds of the old companies are being wasted and squandered. It is alleged that the present management of the appellant company is haphazard, disorganized and reckless and there is danger unless restrained by order of the court that the officers and directors will continue the same methods of management which they have pursued in the past and thereby the funds and property of the old companies will be further depleted and

their assets and trust funds further diminished and wasted. No notice of hearing on this application for a restraining order was given but it was apparently considered by the court as being filed in opposition to appellant's petition for the administration of those certain alleged trust funds set forth in its petition. Hearing on appellant's petition was fixed for April 28, 1947. With the filing of the Furchner petition the court entered its restraining order as requested by such petition pending further order of the court. Prior to the hearing on appellant's petition appellant served upon attorneys for Furchner a motion to strike and to quash the restraining order and a motion that there be striken from the record in this proceeding this Furchner application for a restraining order. Upon the application of Furchner the court order that a certain report of the examination of appellant company made by the Commissioner of Insurance be produced by the Commissioner forthwith and that the Commissioner of Insurance attend the hearing on April 28, 1947. Apparently all of the parties heretofore mentioned and representatives of the Commissioner of Insurance appeared at the hearing on April 28th. No record was made at this hearing and just what transpired is in sharp dispute as disclosed by certain affidavits presented to this court. It is clear, however, that no testimony or evidence other than the report of the examination of the Insurance Commissioner was in any manner presented to the court at this hearing.

This report of the Insurance Commissioner disclosed that the company is in a sound financial condition. The report made certain criticisms of the manner of keeping company books and records and other minor criticisms which are not here material. The report then made reference to the funds, which according to the Attorney General's opinion, had been collected without authority in law, the funds which appellant's petition sought to have administered as a trust. It appears that in order to comply with the opinion of the Attorney General the company had employed a firm of insurance accountants to allocate these funds to those who were entitled to receive them and also to aid the three companies in reorganizing into a legal reserve company; this fund was transferred from the "Emergency

Reserve Fund" to an "Advanced Payment Fund" and those persons who took policies with the new company and had a credit in this "Advanced Payment Fund" applied such credit to the premium of the new policies. The report further noted that the new company although occupying space in the building occupied by the three old companies has paid no rent to them. With certain exceptions not here material, there was allocated to the three old companies a share of the expense of doing business on the basis of the number of members and the amount of insurance in force. At the conclusion of the hearing the court entered its order, the material parts of which are as follows:

"And it appearing that the Commissioner of Insurance of the State of South Dakota, with full knowledge of said record and examination, has taken no determining action with respect thereto;

"And it appearing from the record herein that the officers and directors of said National Benefit Association, petitioner, are misapplying the funds of said company and are confusing and intermingling its said funds to its detriment;

"And it further appearing from said record that the said National Benefit Association is suffering great harm and loss, not only to its funds but also to its organization as the result of such mishandling;

"And it appearing that the officers and directors of said petitioner corporation are interlocking directors and officers of a fourth company organized under the mutual level premium plan known as National Life of America, and that through the operation of said fourth company the structure and funds and the existence of the above petitioner are being greatly jeopardized and are in danger;

"And it further appearing that the petitioner herein has invoked the jurisdiction of this court for the purpose of supervision of a portion of its funds, and that the said Carl H. Furchner and others whom he represents, being members of the petitioner corporation, by their showing made herein, assert and maintain that a trust exists in their favor as such members in the whole of the assets and funds of .the

said corporation, and that the facts disclosed by the petition, the affidavit of said Carl H. Furchner, and the records of the Commissioner of Insurance as aforesaid necessitate complete supervision by this court of all the assets of the said National Benefit Association, and the court being of the opinion that no feasible method exists of supervising the trust hereinbefore referred to, save and except the assumption of complete supervision of the affairs of said corporation, its funds and assets, and the appointment of a suitable trustee to administer the trust and its affairs, and the court having listened to arguments of counsel and being duly advised, and it satisfactorily appearing to the court that the order hereinafter made should be entered herein;

"Now, Therefore, it is. Hereby Ordered as follows:

"First, that except as hereinafter specifically stated, said Motion to Strike and to Quash Restraining Order be and the same hereby is in all things denied and overruled;

"Second, that under SDC 33.26, this court hereby assumes supervision of all money, property and assets whatsoever of said National Benefit Association and its affairs for the benefit of all persons interested therein;

"Third, that A. F. Smith be and he is hereby appointed as trustee herein to take full and complete supervision of all money, property, assets and affairs whatsoever of said National Benefit Association forthwith, and that as such trustee he make full and complete report to this court of the condition of said company and its affairs, property and assets, with full power to conduct the ordinary affairs and business of said corporation, and that he be directed and authorized as such trustee to employ such accountants, attorneys and assistants as are reasonably necessary for the making of the inventory and report to the court of this trust under the law, and for the conducting of the ordinary affairs of said corporation, and to do all things necessary and essential to the preservation of the assets and affairs of said corporation, including proper notice to the members of said corporation and all interested parties of the nature of this proceedings and its purposes;

"Fourth, that the officers and directors of said petitioner corporation, as shown by the records of the corporation, forthwith deliver all the records and files of the corporation, including property and funds and other assets, to the trustee hereinbefore named, and that until the further order of this court said officers and directors be restrained from further handling or interfering with the said assets and affairs of said corporation;

"Fifth, that the bond of said trustee, A. F. Smith, be and it is hereby fixed in the amount of Fifty Thousand ($50,000.00) Dollars same to be a corporate surety bond to be hereinafter approved by this court;

"Sixth, that this court expressly retains jurisdiction herein for such further purposes as may be necessary to supervise said trust under said SDC 33.26, and to carry out the purposes of this order."

Upon the application of the National Benefit Association this appeal was allowed from the above order. Appellant's notice of appeal sets forth that the appeal is taken from "all portions whatsoever of said Order other than that part thereof which in substance and effect places under the supervision of said Circuit Court that certain trust set forth in the 'Petition For Court Supervision of Trust' herein, and being a trust only as to accumulation of money and property derived from that portion of assessments collected from Petitioner's members in excess of what has been officially ruled to be Petitioner's powers, no appeal being here taken from such part of such Order which assumes the supervision prayed for in said Petition, but all other parts and portions whatsoever of such Order being hereby appealed from."

■ Respondent has moved to dismiss the appeal. It is contended by respondent that appellant by its notice of appeal has attempted to appeal from a portion of the order only, that the order is not severable and that the appeal is, therefore, unauthorized and void. The appeal is from "all portions whatsoever of said order" except "such part of such Order which assumes the supervision prayed for in said Petition" of appellant. The trial court never by its order or otherwise assumed supervision of these funds as prayed

for in the petition of appellant. Never did the trial court pass upon the question presented by appellant's petition of whether a trust in these particular funds existed, independent of the trust the court found to exist in the entire assets of appellant. The record is conclusive upon the fact that the trial court did not, and in fact refused to find the existence of the trust as set forth in appellant's petition. The order of the trial court and the recitals therein disclose that the court assumed supervision of the entire assets of the company for reasons entirely different than those upon which appellant relied to establish a trust in the certain funds set forth in its petition. The court proceeded to appoint a trustee to take over and supervise the entire assets and affairs of the company and made no distinction between those funds referred to in appellant's petition and the other funds or property of appellant. The court did not purport to determine that appellant was a trustee of any certain funds. The court has, therefore, not found a trust to exist in any portion of the appellant's funds as distinguished from or separate from its entire assets, nor has it purported to assume supervision of any such separate funds. It follows that the exception set forth in the notice of appeal relates to something which does not in fact exist and is therefore meaningless and without any force or effect. The exception being without effect, the appeal must be treated, as stated in the notice, as an appeal "from all portions whatsoever of said Order."

■ Respondent has also moved to dismiss the appeal on the ground that appellant is not an aggrieved party. By its order the trial court has taken over the company body and soul, assumed supervision of the entire assets, property and business of the company, it has ousted the regularly elected officers of the company, and placed the assets and affairs of the company in the hands of a so-called trustee, who is to conduct "the ordinary affairs of such corporation." To hold that the company is not aggrieved by this order, would be in effect holding that the company as such has no interest in its own affairs. This company was organized under the laws of this state as a mutual benefit

association. It is the duty of the company to conduct the business and protect and preserve the assets of the company under the prescribed laws. When a court determines that this duty imposed upon the company, should be transferred to another, the company as such is divested of the duty with which it is charged and is, in our opinion, an aggrieved party and as such entitled to appeal.

■ As stated above, this proceeding was commenced by appellant under the provisions of SDC 33.26. This chapter of our code had its inception in Ch. 156, Laws of 1923. Complying with the mandate of the 1923 Legislature, the Supreme Court did in September, 1923, adopt 15 rules relating to the administration of trust estates. 46 S. D. IX. When the code was revised in 1939, the rules relating to the administration of trust estates as revised and amplified were incorporated in the code as Chapter 33.26. These rules as disclosed by their content provided a summary method for seeking and obtaining the administration of trust estates by the circuit court. We are satisfied that neither the said Ch. 156, Laws of 1923, the rules promulgated thereunder, nor SDC 33.26 were ever intended as a means to accomplish that which respondent has accomplished in this proceeding. These rules simply provide procedure for the administration of certain trusts. For the purpose of this discussion we indulge the assumption that the filing of appellant's petition was a proper request under SDC 33.26. But the court by its order did not purport to assume administration of the alleged trust set forth in appellant's petition. As stated above, the court took over the assets of the company in their entirety and in substance and effect converted this proceeding into a proceeding for a receivership.

■ In the first place, the notice of hearing as published referred only to the alleged trust described in appellant's petition and clearly was not notice that the court contemplated taking over the entire assets and operation of the company. Respondent contends, however, that by his appearance in a representative capacity he brought all interested parties before a court of equity and that the court acted with all parties before it. We cannot presume that

the parties interested in the alleged trust set forth in appellant's petition, and to which the notice of hearing related, are the same as the parties interested or affected by this all inclusive order made by the court.

■ Second, conceding all parties were before the court, the court summarily ousted appellant from company control and placed such control in a so-called trustee without any evidence upon which to base such action other than the report of the Insurance Commissioner. Just what part the report played in the court's decision is difficult to determine. True, the report refers to the fact that an attempt is being made to organize the three assessment companies into a legal reserve company and that persons having a credit in the "Advanced Payment Fund" are privileged to apply such credit on a new policy. If these facts are an indication of bad faith or mismanagement on behalf of the company, the company should have been offered an opportunity to explain or refute this report. No such opportunity was offered. Without any further showing and without offering appellant an opportunity to explain or refute anything appearing in this report, the court declared a trust to exist in all of appellant's assets. If it were the thought of respondent or the trial court that this report conclusively established that appellant had been converted into an implied trustee of the company funds by reason of the provisions of SDC 59.0102(2), we cannot concur in such view for reasons, which we believe, too apparent to require discussion. If it were the thought and purpose of the respondent and the trial court to place this company in receivership, obviously this summary proceeding was not the proper proceeding to accomplish such purpose nor was there any showing before the court to justify such action.

■ Third, and determinative of this proceeding, is the fact that the only suggested justification for the trial court's order other than the report of the Insurance Commissioner is that appellant is an assessment life insurance company organized under the provisions of SDC 31.19. Whatever may be the relationship between this type of company and its members, we are convinced that it was never intended that

upon the application of a member the court, even if all members were before it, should take over and administer such a company as a trust estate under SDC 33.26. Apart from the fact that the general purpose and object of the law refutes any thought that it was thereby intended to put the circuit courts of this state in the assessment insurance business, we are of the opinion that the intention not to do so is manifest in SDC 33.2602. This section limits the scope and application of the chapter, and specifically provides that it shall not apply to "trusts as to which specific provision is made for Court supervision." Assuming, but in no event deciding, that the relationship between appellant company and its members is a trust relationship, nevertheless, throughout SDC Title 31 there are to be found numerous provisions charging the Commissioner of Insurance with the supervision of this relationship, and by virtue of SDC 31.1116 an appeal to the circuit court is allowed from decisions of the Commissioner. By Ch. 136, Laws of 1945, specific procedure is provided for hearings and investigations by the Commissioner of Insurance with respect to any matter of which the Commission has jurisdiction which may be instituted either by the commissioner or any person. Thus we have complete provision made in the code for the supervision and regulation of insurance companies, including appellant, which supervision and regulation is subject to court review upon the appeal of any interested party. This plan of supervision and regulation provided by our code would be frustrated and set aside at least so far as assessment companies ae concerned were we to hold that simply because of the relationship existing between such companies and their members, these companies are subject to court supervision under SDC 33.26. We therefore hold that the court is without power to supervise and administer this assessment insurance company under the provisions of SDC 33.26, and that the court was without power or authority in this proceeding to enter the order which was entered.

 From the petition filed by appellant it appears that appellant seeks to have the court administer that which

it contends is a trust arising under SDC 59.0102(2), as an implied or constructive trust. This court held that those trusts known in law as constructive trusts are remedial in character, that a constructive trust, unlike an express trust, is not a fiduciary relation. In re Farmers State Bank of Amherst, 67 S. D. 51, 289 N. W. 75, 126 A. L. R. 619. As disclosed by the authorities cited in the opinion, the holding is in accord with the general concept of constructive trusts. "A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. When a person holds the title to property which he is under an obligation to convey to another, and when that obligation does not arise merely because he has voluntarily assumed it, he is said to hold the property in constructive trust for the other and he is called a constructive trustee of the property. He is not compelled to convey the property because he is a constructive trustee; it is because he can be compelled to convey it that he is a constructive trustee. * * * In the case of an express trust the trustee ordinarily has active duties of management. In the case of a constructive trust, the duty is merely to surrender the property." Scott on Trusts, page 2315. Because of these characteristics of the constructive trust it is held that if the payee is solvent, the payor cannot maintain a suit in equity on the theory of a constructive trust for the specific recovery of money paid by mistake, even though the payee still holds it, since the quasi contractual remedy in an action at law for money paid is an adequate remedy. Scott on Trusts, page 2319. In view of the fact that the question of the general applicability of Chapter 33.26 to constructive trusts has not been argued or presented, we express no opinion thereon other than to state that should it appear that appellant has an adequate legal remedy to accomplish that which it seeks to accomplish in this proceeding, then it is clear that said SDC 33.26 has no application.

The order appealed from is reversed.

SICKEL, P.J., and ROBERTS and SMITH, JJ., concur.

HAYES, J., concurring specially.

HAYES, J. (concurring specially.) To the views expressed in the foregoing opinion, with which I agree, it appears not improper to add that it seems to me that the question whether the trial court should have assumed jurisdiction at the outset is presented by the record before us.

Appellant's petition sought what appears to be closely akin to a friendly court administration of one of its business affairs rather than the supervision of an established and active trust. As stated in the opinion above, the appellant, in order to be in a position to comply with the opinion of the Attorney General, had employed a firm of insurance accountants to allocate funds to those who were entitled to receive the same. This was not an act of hostility toward the interests of those who had made excess payments to the company. Rather was it a step in recognition of the rights of such persons. No constructive trust resulted from this action on appellant's part.

If the appellant elected to view as correct the opinion of the Attorney General there was then nothing for appellant to do but to refund the excess payments to the persons entitled to be reimbursed. Until it should be made to appear that there is something more than a sum of money in the hands of one person willing and able to pay the same over to those rightfully entitled thereto there is nothing for a court of equity to supervise as contemplated by SDC 33.26.