OPINION OF THE COURT
Irving A. Green, J.
This is an action brought by plaintiff in Action No. 1, Henry Schwab, Sr., for summary judgment, motion by plaintiff in Action No. 2, Martha Schwab, for judgment, cross motion by defendant, Walden Savings Bank, to dismiss both plaintiffs’ cause of action and for other relief.
The salient facts in these consolidated actions are as follows: During early May, 1979 the defendant Walden Savings Bank permitted plaintiff’s son, third-party defendant, Henry Schwab, Jr., to withdraw funds against a *930 check it had credited to his account. The check had been deposited in defendant Walden Savings Bank, by third-party defendant Henry Schwab, Jr. The check was in the amount of $22,795.71. It was subsequently dishonored and returned unpaid. Prior to it being dishonored, third-party defendant, using the proceeds of the check credited to his account purchased a $15,000 money market certificate from defendant, Walden Savings Bank, for Henry Schwab, Sr., in trust for Henry Schwab, Jr. Henry Schwab, Jr., also transferred $5,000 of the money he was permitted to withdraw against the dishonored check to plaintiff, Martha Schwab, allegedly to repay her for $5,000 it is claimed she had previously lent him and which Martha Schwab had herself borrowed from the defendant bank using her own account as collateral. After the check was dishonored defendant, Walden Savings Bank, deducted the above sums, $15,000 and $5,000, from the respective plaintiffs’ accounts upon the theory that defendant, Walden Savings Bank, was a holder in due course of the dishonored check it had credited to Henry Schwab, Jr.’s, account and that it had a security interest and a lien on the proceeds of the credit it extended to Henry Schwab, Jr., and which proceeds it alleges were traceable in these two accounts of the plaintiffs.
The plaintiffs contend, among other things, that at the time Henry Schwab, Jr., deposited in his account the check for $22,795.71, which was subsequently dishonored, he also deposited $2,000 and that therefore such sums were commingled and thereafter the sums were withdrawn and transferred to the plaintiffs by Henry Schwab, Jr. The plaintiffs contend that because of such commingling the bank may not assert a security interest as a matter of law in any proceeds issuing from Henry Schwab, Jr.’s, account. Plaintiffs offer no authority for this assertion. Plaintiff, Martha Schwab, further alleges that the $5,000 paid to her by Henry Schwab, Jr., was delivered to the defendant bank by her in repayment of the passbook loan she had made and the original $5,000 in her account (which was security for her passbook loan) was therefore not the proceeds of the dishonored check and the defendant bank did not therefore have the right to seize $5,000 on her account during October, 1979.
*931 Section 4-208 (subd [1], par [a]) of the Uniform Commercial Code grants to a bank a security in an “item”. The definition of an “item” includes an instrument for the payment of money, i.e., a check (Uniform Commercial Code, § 4-104, subd [1], par [g]) and gives a security interest in the proceeds of such item (check) where the check has been deposited in an account to the extent to which credit given for the item has been withdrawn. The security interest continues so long as the bank does not receive final settlement of the item (i.e., check). (Uniform Commercial Code, § 4-208, subd [3].) Section 9-203 (subd [1], par [a]) of the Uniform Commercial Code states that a security interest is not enforceable against the debtor or third parties unless the collateral is in the possession of the secured party. “Secured party” means a lender, in whose favor there is a security interest such as defendant bank; and “collateral” means the property subject to a security interest which would as heretofore stated, include the proceeds of a check credited to an account. (Uniform Commercial Code, §9-105, subd [1], pars [c], [m]; § 4-208, subd [1], par [a].) Accordingly, the Walden Savings Bank had an enforceable security interest in the proceeds of the dishonored check.
It is admitted by the parties and firmly established by the proofs submitted upon this motion that the $5,000 remitted to defendant bank by plaintiff, Martha Schwab, on or about May 9, 1979 consisted of proceeds from defendant third party’s account which had been credited with the dishonored check and the $15,000 used by plaintiff, Henry Schwab, Sr., to open a savings certificate, on or about May 10, 1979 likewise was derived from third-party defendant’s account which had been credited with the subsequently dishonored check. The reliance by plaintiffs on the contention that the third-party defendant had commingled other funds in his account with the credited dishonored check and that this defeats the defendant bank’s right to assert its security interest in the proceeds of the dishonored check cannot under the circumstances presented be sustained. Subdivision (2) of section 9-306 of the Uniform Commercial Code states a security interest continues in collateral (i.e., proceeds of a dishonored check), *932 notwithstanding, disposition thereof by the debtor, Henry Schwab, Jr., and continues in any identifiable proceeds.
The repayment by plaintiff, Martha Schwab, of her passbook loan with the proceeds of the dishonored check was negated when the bank asserted its security interest and the bank had the right without notice, presentment, or demand for repayment, to charge the outstanding indebtedness of $5,000 against plaintiff, Martha’s, passbook (Savings Account No. 132-328) according to the terms of her loan.
Accordingly, plaintiffs, Martha and Henry Schwab, Sr.’s, motion for partial summary judgment are denied.
The cross motion of defendant, Walden Savings Bank, seeking to dismiss the complaints brought against it by plaintiffs, Martha Schwab and Henry Schwab, Sr., is granted.
The branch of the cross motion seeking the granting of summary judgment to Walden Savings Bank against Henry Schwab, Jr., for the sum of $2,795.71 is denied, upon a previous order of this court dated June 2, 1980 which denied an application for the identical relief.